UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**MALIK McCAIN,**

                     Plaintiff,

vs.

**DET. WALIUR RAHMAN, Shield No. 6428, and DET. CHRISTOPHER SCHILLING, Shield No. 6516.**

                     Defendants.

**COMPLAINT**

Index No. _____

---

Plaintiff Malik McCain, by his attorney at Rickner PLLC, complaining of the defendant, respectfully alleges the following:

## PRELIMINARY STATEMENT

1. Plaintiff Malik McCain, brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his rights under the Constitution of the United States of America.

2. On October 30, 2014, Malik McCain was at home when New York City Police Department officers raided his apartment based on a defective warrant that was procured by Detective Waliur Rahman using an affidavit with false statements. Detective Rahman then arrested Mr. McCain, falsely accused him of having a bag of marijuana, and caused him to be prosecuted, without probable cause and based on fabricated evidence.

## JURISDICTION

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is

conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) and the aforementioned statutory and constitutional provisions.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), and 28 U.S.C. § 1402(b), where plaintiff Malik McCain resides, and where the actions complained of herein occurred.

## JURY DEMAND

5. Plaintiff Malik McCain respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## THE PARTIES

6. At all times hereinafter mentioned, the Plaintiff Malik McCain ("Mr. McCain" or "Plaintiff") was a resident of the County of Kings, City and State of New York.

7. At all times hereinafter mentioned, Defendant Detective Waliur Rahman ("Det. Rahman") was employed by the New York City Police Department ("NYPD"), and was acting under the color of law.

8. At all times hereinafter mentioned, Defendant Detective Christopher Schilling ("Det. Schilling") was employed by the New York City Police Department ("NYPD"), and was acting under the color of law.

9. Det. Rahman and Det. Schilling are, collectively, referred to as "Defendants" herein.

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

10. On October 30, 2014, Det. Rahman orchestrated a disastrous no-knock raid on six apartments in two buildings in Brooklyn. Det. Rahman claimed that these apartments were part

of a scheme to sell marijuana. At least ten people were arrested – and it appears none of them were successfully prosecuted for anything.

11. 1333 Prospect Place has three floors and three apartments: the ground floor, the first floor, and the second floor.

12. There are stairs that lead to the first floor of 1333 Prospect Place, and a front door. The first-floor apartment is to the right after entering the front door. The second-floor apartment is up another flight of steps, inside the apartment. There is also a ground floor at street level.

13. On October 24, 2014, Det. Waliur signed an affidavit to obtain a search warrant, claiming that he had evidence that someone in the second floor apartment at 1333 Prospect Place was storing and selling marijuana. This evidence was based on two alleged purchases by a confidential informant ("CI").

14. The first purchase by the CI was described as follows:

> I further observed the CI enter the first floor entrance of the subject building, turn left and knock on the door to the subject location. A short time later, I observed the Cl return directly to me without stopping or speaking to anyone. The CI then bonded me a quantity of green leafy substance.

15. This statement was false for two reasons: *First*, walking up the steps to the first floor only takes you to the first-floor apartment. Even if the CI did visit an apartment at 1333 Prospect Place that day, he did not go to Mr. McCain's apartment. *And second*, the apartment door is to the right, not the left. If the CI turned left, he would be facing the wall. In fact, this matches the description of the apartment across the street, 1346 Prospect Place, which was the subject of an entirely separate set of warrants, executed as part of the same disastrous set of raids.

16. The second purchase by the CI was described as follows:

3

> I observed the CI proceed directly towards the subject building without stopping or speaking to anyone. I further observed the CI enter the white wooden door of the subject location, walk up some stairs and meet Target. A short time later, I observed the CI exit the subject building and return directly to me without stopping or speaking to anyone. The CI then handed me a quantity of a green leafy substance. ... I then performed a field test on the above-mentioned green leaf substance, which test was positive for marihuana ... .

17. In this statement, the CI did – allegedly – climb the steps to the second-floor apartment. But according to the Field Test Report, signed by Det. Waliur's supervisor, the field test actually came back negative. Det. Waliur's affidavit was false.

18. A judge signed a no-knock warrant based on this affidavit on October 24, 2014.

19. At around 6:00 p.m., on October 30, 2017, Mr. McCain was in his apartment on the second floor of 1333 Prospect Place in Brooklyn when the NYPD executed the warrant.

20. Mr. McCain was arrested, and Det. Waliur was the arresting officer.

21. The arrest was without probable cause.

22. Det. Waliur, however, lied in the sworn statement he made accusing Mr. Malik of possessing marijuana, which he signed on October 21, 2014 and then provided to the Assistant District Attorney.

23. In this sworn statement, Det. Waliur claimed:

> At the time and place, the Deponent [Det. Waliur] observed the Defendant [Mr. Cain] in possession of a quantity of marijuana in that the Deponent recovered said quantity of marijuana from the bed next to Defendant McCane. (sic)

24. The problem is, Det. Waliur was not even there. The NYPD raided a total of six apartments simultaneously. According to the Search Warrant Plan, Det. Waliur breached the ground floor, not the second floor, of 1333 Prospect Place. He also claims to also be part of the team that entered 1346 Prospect Place across the street, at the same time they breached 1333

4

Prospect Place. He even swore out another complaint against Jacklyn Lifshitz, claiming that he recovered marijuana from the seat next to her – on the first floor of 1346 Prospect Place.

25.     Det. Waliur cannot be in four places at the same time.

26.     On information and belief, Det. Schilling also repeated this same false accusation, that McCain was near a quantity of marijuana on the bed next to Mr. McCain, to the Assistant District Attorney as well, as the observing officer.

27.     Needless to say, Mr. McCain states that Det. Waliur's sworn statement is false. Mr. McCain was held for over a day, and then prosecuted for over a year, requiring Mr. McCain to appear in court multiple times. (There was no grand jury action because he was not charged with a felony.)

28.     On December 10, 2015, the case against Mr. McCain was dismissed.

## INJURIES AND DAMAGES

29.     This action seeks damages on behalf of Plaintiff for the extraordinary emotional pain and suffering, loss of liberty, and injuries to his person that Plaintiff was forced to endure as a consequence of Defendants' decidedly wrongful actions.

30.     Plaintiff did not commit any illegal acts or offenses on October 30, 2014.

31.     The conduct of the Defendants, who acted at all times under color of state law and within the scope of their employment and authority, directly and proximately caused Plaintiff to suffer loss of liberty, emotional injury, mental anguish, humiliation and embarrassment.

32.     The Defendants acted with reckless and wanton disregard for the rights of Plaintiff.

33. All of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

### FIRST CLAIM FOR RELIEF:
### UNLAWFUL ENTRY UNDER 42 U.S.C. § 1983
### AGAINST DETECTIVE WALIUR RAHMAN

34. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

35. On October 30, 2014, members of the NYPD entered Plaintiff's home based on a warrant that was obtained with false information provided by Det. Rahman to the judge who signed it.

36. Det. Waliur procured this warrant based on statements he knew were false, or at the very least he made with reckless disregard of whether they were true or not.

37. Det. Waliur's false statements were necessary and material to the judge's decision to issue the warrant, given that the two purchases by the CI were the only evidence of illegal activity in the second floor apartment on 1333 Prospect Place.

38. That by virtue of the aforementioned acts by Det. Rahman, Plaintiff was deprived of his civil rights guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable or unlawful searches and seizures, and the Defendants therefore are liable to Plaintiff for damages under 42 U.S.C. § 1983.

### SECOND CLAIM FOR RELIEF:
### FALSE ARREST UNDER 42 U.S.C. § 1983
### AGAINST THE DEFENDANTS

39. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

40.     On October 30, 2014, Plaintiff was arrested, handcuffed, and detained in the absence of probable cause by the actions of Defendants.

41.     That by virtue of the aforementioned acts by the Defendants, Plaintiff was deprived of his civil rights guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable or unlawful searches and seizures, and the Defendants therefore are liable to Plaintiff for damages under 42 U.S.C. § 1983.

### THIRD CLAIM FOR RELIEF:
### INITIATING PROSECUTION WITHOUT PROBABLE CAUSE
### UNDER 42 U.S.C. § 1983 AGAINST THE DEFENDANTS

42.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

43.     Defendants initiated a criminal proceeding against Plaintiff. Det. Waliur signed a sworn statement accusing Mr. McCain of possessing marijuana. On information and belief, Det. Waliur and Det. Schilling provided similar information verbally to the Assistant District Attorney. These false statements were taken to encourage the Assistant District Attorney to prosecute Mr. McCain, and were successful in doing so.

44.     Det. Waliur and Det. Schilling acted without probable cause to believe that Mr. McCain was guilty of any crime.

45.     The proceedings against Mr. McCain terminated in his favor.

46.     Det. Waliur and Det. Schilling acted with actual malice, although malice is not required to violate Mr. McCain's rights under the Fourth Amendment.

47.     Det. Waliur and Det. Schilling's violation of Mr. McCain's rights caused Mr. McCain to be deprived of his liberty.

48.     That by virtue of the aforementioned acts by the Defendants, Plaintiff was deprived of his civil rights guaranteed under the Fourth Amendment to the United States

Constitution to be free from prosecution without probable cause, and the Defendants therefore are liable to Plaintiff for damages under 42 U.S.C. § 1983.

## FOURTH CLAIM FOR RELIEF:
## FABRICATED EVIDENCE UNDER 42 U.S.C. § 1983
## AGAINST THE DEFENDANTS

49. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

50. Det. Waliur and Det. Schilling fabricated evidence, specifically they accused Mr. McCain of possessing marijuana, when he did not.

51. Det. Waliur and Det. Schilling provided this fabricated evidence to the Assistant District Attorney.

52. This fabricated evidence would have been likely to influence a jury's decision, in the event the case was taken to trial.

53. Det. Waliur and Det. Schilling's violation of Mr. McCain's rights caused Mr. McCain to be deprived of his liberty.

54. That by virtue of the aforementioned acts by the Defendants, Plaintiff was deprived of his civil rights guaranteed under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution to be free from prosecution based on fabricated evidence, and the Defendants therefore are liable to Plaintiff for damages under 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff Malik McCain demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
October 23, 2017

Rickner PLLC

By: /s/ Rob Rickner
Rob Rickner

233 Broadway Suite 2220
New York, New York 10279
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*